**FILED**
OCT 7 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Your name: Pablo Camargo
2  Address: 2160 Buckskin Rd
3  Livermore, Ca. 94551
4  Phone Number: (83) 905-0568
5  Fax Number: _____
6  E-mail Address: camargo_pablo@yahoo.com
7  Pro Se  [Select one: Plaintiff or Defendant]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

[Select one location: San Francisco / Oakland / San Jose / Eureka]

Pablo Camargo )
_____ ) Case Number: **CV 25-8552 TSH**
 ) 
 ) Title of Document:
Plaintiff(s), ) Complaint
 )
vs. )
Frank J. Bisignano )
Commissioner of Social )
Security Administration )
 )
 )
 )
 )
 )
Defendant(s). )
 )

TITLE OF DOCUMENT: _____   CASE NO.: _____

PAGE NO. ___ OF ___   [JDC TEMPLATE]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

PABLO CAMARGO,
Plaintiff,
v.
FRANK J. BISIGNANO, in his official capacity as Commissioner of the Social Security Administration,
Defendant.
Case No. 2024003787
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. JURISDICTION AND VENUE
1. This action arises under the **Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.**, and **Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**
2. Jurisdiction is proper under **28 U.S.C. § 1331** and **42 U.S.C. § 2000e-16(c)**.
3. Venue is proper in this District pursuant to **28 U.S.C. § 1391(e)**, as the events giving rise to this complaint occurred in Alameda County, California, within the Northern District of California.

## II. PARTIES
4. Plaintiff, **Pablo Camargo**, is a former employee of the Social Security Administration ("SSA"), residing in Alameda County, California.
5. Defendant, **Martin O'Malley**, is the Commissioner of the Social Security Administration and is sued in his official capacity only.

## III. ADMINISTRATIVE PROCEDURAL HISTORY
6. Plaintiff timely filed an EEO complaint with the SSA alleging disability discrimination and denial of reasonable accommodation in violation of the Rehabilitation Act.
7. An Administrative Judge of the EEOC ruled against Plaintiff, and on **August 13, 2025**, the EEOC's Office of Federal Operations issued a final decision affirming the Agency's denial of Plaintiff's claims.
8. Plaintiff has **exhausted all required administrative remedies**.

## IV. FACTUAL ALLEGATIONS
9. Plaintiff suffered a **severed Achilles tendon**, requiring surgery and extended recovery, which substantially limited his ability to walk (a major life activity).
10. Plaintiff requested the reasonable accommodation of **full-time telework** during his recovery period.
11. Plaintiff submitted multiple medical notes from his healthcare provider documenting his medical condition and the need to telework.
12. Despite this documentation, Defendant denied Plaintiff's request for reasonable accommodation, asserting that the medical documentation was not "acceptable" because it did not specify why office attendance would increase Plaintiff's risk of injury.
13. Plaintiff also applied for the **Work at Home by Exception** program. Defendant denied his application, claiming inadequate medical documentation.
14. Plaintiff is aware of other employees outside his protected class who were permitted to telework full-time under similar circumstances, yet Plaintiff was denied this accommodation.

15. The denial of Plaintiff's accommodation request and telework application caused him harm, including lost wages, professional setback, emotional distress, and exacerbation of his medical condition.

## V. CLAIMS FOR RELIEF
### Count I – Disability Discrimination (Rehabilitation Act, 29 U.S.C. § 791 et seq.)
16. Plaintiff re-alleges paragraphs 1–15.
17. Plaintiff was an individual with a disability during the relevant period, as his impairment substantially limited the major life activity of walking.
18. Plaintiff was qualified for his position and able to perform the essential functions with reasonable accommodation.
19. Defendant failed to provide reasonable accommodation, in violation of the Rehabilitation Act.
20. Defendant's actions were discriminatory and caused Plaintiff damages.

## VI. PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:
A. A declaration that Defendant's conduct violated the Rehabilitation Act;
B. An order requiring Defendant to provide full reinstatement with appropriate accommodation;
C. Back pay, front pay, and lost benefits;
D. Compensatory damages for emotional distress;
E. Attorneys' fees and costs (if represented);
F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all issues triable by jury.

**Respectfully submitted,**
Dated: 10/07/2025

**Pablo Camargo**
Plaintiff, Pro Se
2160 Buckskin Rd
Livermore, Ca. 94551
(831)905-0568
camargo_pablo@yahoo.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Pablo Camargo a/k/a
Adam F.,[1]
Complainant,

v.

Frank Bisignano,
Commissioner,
Social Security Administration,
Agency.

Appeal No. 2024003787

Hearing No. 550-2024-00062X

Agency No. SF-23-0370-SSA

## DECISION

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's June 3, 2024, final order concerning his equal employment opportunity (EEO) complaint of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission AFFIRMS the Agency's final order.

At the time of events giving rise to this complaint, Complainant worked as a Claims Representative at the Agency's Field Office in Hayward, California. On June 15, 2023, Complainant filed a formal complaint alleging that the Agency discriminated against him based on disability (severed Achilles tendon) when on January 11, 2023, management denied his request for a reasonable

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

accommodation, and based on national origin (Hispanic), sex (male), and religion (Catholic) when his request for full-time telework was denied.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of his right to request a hearing before an EEOC Administrative Judge (AJ). Complainant requested a hearing before an AJ. However, the AJ subsequently notified the parties of her intent to issue a decision without a hearing in favor of the Agency.

On April 24, 2024, the Agency filed its response to the AJ's notice. When Complainant failed to respond, the AJ issued a decision by summary judgment in favor of the Agency, finding no discrimination, as the AJ found that: 1) Complainant's recovery from surgery to repair his severed Achilles tendon was expected to last six months or less and that the "Commission has previously held that the need to recovery from surgery was not a qualifying disability"; and 2) Complainant failed to show that he was treated less favorably than similarly situated individuals regarding his request for fulltime telework through the Agency's Work at Home by Exception program.

On the same day that the AJ issued her decision, Complainant filed his response to the AJ's notice. However, the AJ did not consider it. The Agency subsequently issued a final order fully implementing the AJ's finding that Complainant failed to prove that the Agency subjected him to discrimination as alleged.

Complainant then filed the instant appeal, arguing that the AJ erred in failing to consider his response and asserts that he should have been given at least 30 days to file his response. He also argues that the AJ erred on the merits. The Agency opposes the appeal.

As an initial matter, we reject Complainant's argument that he should have been allowed 30 days to respond to the AJ's notice of intent to issue a decision without a hearing. The Scheduling Order served on the parties clearly stated that parties had 14 days to respond. Complainant presents no compelling argument that he was not informed of this deadline or any legal authority that suggests he was entitled to more time to file his response.

Having reviewed the record, and the arguments on appeal, we find that a reasonable factfinder could not find in Complainant's favor.

Regarding Complainant's denial of reasonable accommodation claim, while the parties dispute whether Complainant was an individual with a disability during the relevant period due to the temporary nature of his impairment, we find that even if Complainant made the requisite showing,[2] he still cannot prevail because the probative record shows that he failed to provide acceptable medical documentation in support of his request to telework full-time. While we acknowledge that the record is replete with medical notes from his medical provider noting that Complainant was under his care and needed to telework full-time, we note that the provided documentation made no mention of the nature of Complainant's disability and why working in the office would increase his risk of injury. As Complainant failed to provide acceptable medical documentation, we find that the Agency was not obligated to accommodate him.

As for his claim alleging that the Agency discriminatorily denied his application for the Work at Home by Exception program, we find that Complainant failed to prove his claim of discrimination, as the probative record shows that the denial was based on Complainant's failure to provide acceptable medical documentation. While Complainant alleged that other comparable employees outside of his protected classes were treated more favorably and granted full-time telework through the Work at Home by Exception program, we find that the claimed comparators were not similarly situated to him because they were not in the same position as Complainant, or in the same chain of command. As Complainant failed to produce evidence showing that they were in fact granted full-time telework under similar circumstances, we AFFIRM the Agency's final order implementing the AJ's decision.

---

[2] While Complainant's status as an individual with a disability is not dispositive in this case, we note that an impairment does not have to last for more than six months to be considered substantially limiting. The duration of the impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity. Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe. As Complainant claimed that he had difficulty with ambulation (a major life activity) during his recovery period from surgery to repair his severed Achilles tendon, it appears that Complainant was indeed an individual with a disability during the relevant period. See, e.g., Adena D. v Gen. Servs. Admin., EEOC Appeal No. 2023002720 (Feb. 20, 2024).

## STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0425)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit their request for reconsideration, and any statement or brief in support of their request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx. Alternatively, Complainant can submit their request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files their request via the EEOC Public Portal, in which case no proof of service is required.

5                                                                 2024003787

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(f).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0124)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Gul Chaudhry*
Gul Chaudhry, Acting Director
Office of Federal Operations

<u>August 13, 2025</u>
Date

6                                                                                         2024003787

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Pablo Camargo
2160 Buckskin Road
Livermore, CA 94551
Via U.S. Mail

EEO Director
Social Security Administration
Via FedSEP

August 13, 2025
Date

_____
Intake, Communication, and Enforcement Division