UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CAMARGO,<br><br>    Plaintiff,<br><br>v.<br><br>SSA COMMISSIONER,<br><br>    Defendant. | Case No. 25-cv-08552-TSH<br><br>**ORDER DENYING REQUEST TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 3 |

On October 7, 2025, Plaintiff Pablo Camargo filed a request for appointed counsel. ECF No. 3. Plaintiff used a template form containing boilerplate language stating that his case involves complex legal and factual issues.

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants. *Id.* (citation omitted). "To obtain appointment of pro bono counsel, a litigant must be proceeding in forma pauperis ('IFP') and lack the financial resources to retain counsel." *Swapna v. Deshraj*, 2017 WL 3721444, at *1 (N.D. Cal. Aug. 29, 2017) (citing *Palmer*, 560 F.3d at 970 ("a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)"). "When determining whether 'exceptional circumstances' exist, a court considers 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; rather, they must be viewed together. *Id.* (citation omitted). Additionally, to be eligible for appointed counsel, an indigent plaintiff must first make "a reasonably diligent effort to secure counsel." *Bailey v.*

*Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (citing *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

Here, the Court finds Plaintiff is not entitled to appointment of counsel because he is not proceeding in forma pauperis.  But even if he were, at this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear, and Plaintiff has thus far sufficiently articulated his claims pro se.  The issues do not appear to be unduly complex, and there is no indication that discovery in this action is so complex as to require appointment of counsel.  Further, although Plaintiff's motion includes boilerplate language asserting that he made a good-faith effort to obtain counsel, he has provided no evidence or explanation demonstrating any actual effort beyond the bare assertions in the form.  Plaintiff's request is therefore denied without prejudice to the Court's sua sponte appointment of counsel should circumstances so require.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: October 8, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2