UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PABLO CAMARGO,

           Plaintiff,

      v.

SSA COMMISSIONER,

           Defendant.

Case No. 25-cv-08552-TSH

**ORDER FOR CLARIFICATION**

This matter is currently scheduled for a case management conference on April 30, 2026, and the parties have filed separate case management statements. In his statement, Plaintiff (who represents himself) states the Court has jurisdiction under 42 U.S.C. § 405(g), which permits the Court to review a decision of the Commissioner of Social Security denying an application for Social Security disability benefits. ECF No. 23. In his statement, Defendant takes the position that this is an employment discrimination case because Plaintiff pleads a cause of action for failure to accommodate under the Rehabilitation Act. ECF No. 21.

In his Complaint, Plaintiff alleges he is a former employee of the Social Security Administration, and that Defendant discriminated against him by failing to provide a reasonable accommodation for his disability. Compl. ¶¶ 4, 17-20, ECF No. 1. Plaintiff states the Court has jurisdiction under the Rehabilitation Act of 1973 (28 U.S.C. § 2671 et seq.) and the Civil Rights Act of 1964 (42 U.S.C. § 2000 et seq.). *Id.* ¶ 1. There are no allegations regarding a denial of Social Security disability benefits that can be reviewed under 42 U.S.C. § 405(g). However, the Court notes there may be some confusion as the Clerk of Court inadvertently issued a Social Security Procedural Order in this case (ECF No. 4), which applies to cases brought under 42 U.S.C. § 405(g), but that order was subsequently replaced by the general Case Management

United States District Court
Northern District of California

Scheduling Order (ECF No. 5). As such, the Court will provide Plaintiff an opportunity to clarify how he intends to proceed.

To file a civil action under 42 U.S.C. § 405(g) for review of a denial of disability benefits, a plaintiff must first fully exhaust the Social Security administrative process and obtain a "final decision" of the Commissioner. Under this process, a claimant must go through a series of steps before seeking review by a district court: (1) apply for disability benefits with the Social Security Administration; (2) if the claim is denied, request reconsideration within 60 days; (3) if denied again, request a hearing before an Administrative Law Judge (ALJ) within 60 days of the reconsideration denial; (4) if the ALJ denies the claim, request review by the Appeals Council within 60 days; and (5) receive "final decision" from the Appeals Council either denying review or issuing its own decision denying the claim for benefits. Only after obtaining the final decision may a claimant file suit in district court under 42 U.S.C. § 405(g) with 60 days of the Appeals Council's denial.

Accordingly, the Court **ORDERS** Plaintiff to clarify whether he seeks to bring a claim for denial of Social Security benefits under 42 U.S.C. § 405(g) or a claim for employment discrimination based on disability under the Rehabilitation Act of 1973 (28 U.S.C. § 2671 et seq.).[1] Plaintiff shall file a statement by May 12, 2026. If he seeks to proceed under 42 U.S.C. § 405, Plaintiff must also file an amended complaint and establish he has exhausted the administrative remedies outlined above.

Pending resolution of this matter, the case management conference and related deadlines are **VACATED**.

**IT IS SO ORDERED.**

Dated: April 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Although he cites to the Civil Rights Act of 1964 in his complaint, Plaintiff is advised that disability is not one of the protected categories under the statute.